## Chicago Open Board of Trade v. Marson French.

1. BOARD OF TRADE—*A Private Corporation.*—The Chicago Open Board of Trade is a private corporation, organized and existing for the purpose of private gain, and discharging no public function. As such private corporation it may discriminate as to what persons not members it will admit to its rooms.

2. SAME—*Rights of Members—Customers.*—The fact that a person is a member of the open board of trade does not give him the right to require that his customers shall be admitted to its rooms.

3. SAME—*Directors May Exclude Persons Not Members.*—The directors of the open board of trade have the power to exclude any and all persons not members of the board from the rooms.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed December 26, 1895.

### STATEMENT OF THE CASE.

This is an appeal from an order granting an injunction.

The bill sets forth that Marson French, appellee, has been for several years last past a member of the appellant corporation, and is entitled to all the rights and privileges of said membership; that appellant is a corporation organized under an act approved April 18, 1872, and said corporation was organized in 1880. The objects of said corporation as set forth are to maintain a commercial exchange, promote uniformity in the customs and usages of merchants, facilitate a speedy adjustment of business disputes and carry on business usually carried on by boards of trade (a copy of the by-laws and charter is attached to the bill and made a part of it); that appellee's business is that of a general broker upon said open board of trade, and his profits consist of commissions from buying and selling grain, merchandise and other commodities for his customers and patrons; that he has a large number of women customers, who have employed him as their broker to buy and sell for them as aforesaid, and has depended largely on the customary commissions derived from said women patrons on said board for his living and profits; that there are several hundred women dealing on the board, and have been for many years; at least one hundred of such women have made it a regular business to obtain their living and assist in supporting their families, and have no other regular occupation; that appellee has large numbers of such women customers, and if he is deprived of their patronage, he will suffer great financial loss and damage to his business as a broker.

The bill sets forth that the appellant uses the first floor of number 22 Pacific avenue as an exchange room to buy and sell grain, etc.; appellant has other rooms in the same building for its executive business; that since 1884, women patrons have been allowed to employ brokers to buy and sell on the same principle and in the same way as the male patrons of the members of said board, and that all rights under the charter and by-laws have been conceded to women the same as to men in their dealings and patronage with its members.

The bill further states that it is necessary that the patrons, both male and female, be in constant communication and practically in sight of their brokers dealing for them; that five minutes and even one minute will make a difference in the loss or profit to the patrons of said members of several dollars; in case of large deals, several thousand dollars; that it has always been provided ever since the organization of said board and the occupancy of its premises, that all patrons, male and female, were permitted to occupy the rooms of the exchange and be in sight of, and in communication with, their brokers all the time; that a large space on the floor of said exchange room is devoted especially to the patrons; that the main floor has a seating capacity for over two hundred and is used and occupied by the patrons, in plain sight and hearing of their brokers, and in plain sight of the blackboard upon which is noted every minute or two the going prices of grain, etc.; that at all times women have had the right to examine the blackboard and communicate directly with their brokers on said main floor; that a gallery was erected in said exchange room which directly faced the blackboard and from which patrons could direct their brokers. This gallery has been usually occupied by women traders; that said gallery was provided with speaking tubes connected with the trading pit for the benefit of such traders.

The bill further sets forth that on the 16th day of September the directors and executive officers, without any authority of by-law or charter, or the general consent of its members, conceived the idea of shutting out the women patrons from the floor and gallery of said exchange, and depriving the male members who had women for customers of their commissions derived from such patronage; that on the 17th day of September, the officers attempted to exclude the women from said exchange room and gallery.

The bill states that there is nothing in the charter or by-laws to exclude women from dealing on said board, from entering the rooms of said board, and since said board was organized said officers have never construed or attempted to construe the by-laws or charter in any other way than

to allow said women patrons to attend said exchange room and attend to their business on the same basis and on the same principle as the male patrons.

The bill further sets forth that the women patrons have never violated any rules of appellant, but have always behaved in a proper and orderly manner.

The bill is filed on behalf of complainant and such other members as desire to join as complainants.

The bill prays for a temporary injunction and waives answer under oath; states that unless such injunction is granted, appellee will lose large sums of money in being deprived of said patronage, and will suffer great loss and financial damage.

The bill is sworn to by complainant, Susan L. Jenks, Nona B. Miller, Ida M. Lawrence, Helen M. Leland and Hawley Summers.

STEIN & PLATT, attorneys for appellant, contended that the Chicago Open Board of Trade is a private corporation and not even *quasi* public in its character. Citing, Stock Exchange v. Board of Trade, 127 Ill. 161; People ex rel. Rice v. Board of Trade, 80 Ill. 134.

A court of equity will not interfere with the management of a private corporation by its board of directors. Cook on Stockholders, Sec. 684; Beach on Private Corporations, 429; Ellerman v. C. J. R. & E. Co., 35 A. & E. Corp. Cases 388; Oglesby v. Attrill, 165 U. S. 605; Dudley v. Kentucky High School, 9 Bush 576; Sprague v. I. R. R. R. Co., 19 Ill. 174; Cicolte v. Anciaux, 5 A. & E. Corp. Cases 279; Trisconi v. Winship, 35 A. & E. Corp. Cases 271.

A corporation like the defendant is charged with no public duty, and is under no obligations to the general public. Metropolitan Co. v. Board of Trade, 15 Fed. Rep. 847.

The members of the corporation are bound by its laws and rules and the court will not interfere to prevent their enforcement. Rice v. Board of Trade, 80 Ill. 134; Page v. Board of Trade, 45 Ill. 112; Fisher v. Board of Trade, 80 Ill. 85; Baxter v. Board of Trade, 83 Ill. 146; Sturgis v. Board of Trade, 86 Ill. 441.

If any wrong has been inflicted the remedy is not by injunction, nor can the complaining member appeal to a court of equity.   Baxter v. Board of Trade, 83 Ill. 146.

Even a common carrier may separate the sexes.   C. & N. W. R. R. v. Williams, 55 Ill. 185.

The failure of the complainant to resort to the method of redress within the corporation provided by the by-laws is fatal to his bill.   Morawetz on Corporations, Sec. 240 and 241; Tuscaloosa Co. v. Cox, 68 Ala. 75.

HENRY C. NOYES, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The Chicago Open Board of Trade is a private corporation, organized and existing for the purpose of private gain, and discharging, so far as appears, no public function or duty.

Why, as such private person, it may not discriminate as to whom it will admit to its gallery or floor, we are unable to perceive.

We see no reason why, in this age, the "new woman" has not the same right to use this "board" as a trading or gambling agency that has any man; but we are not aware of any right which any man, not a member, has to access to any of its quarters.   It does not appear that privileges allowed to other members are denied to appellee.   The fact that he has female customers who deal upon the board, does not give him the right to require that such women shall be admitted to the floor or the gallery of the exchange; the board of directors may admit or exclude whomsoever, not members, they choose; they have the power and the right to exclude ministers, doctors, lawyers, editors, teachers or women, although any or each may be regular customers of appellee.

Being of the opinion that such an injunction could not be maintained on behalf of men, we do not think it can for the benefit of women.

The order of the Circuit Court is reversed.